### Zeb Bryson v. The State.

#### No. 4107.   Decided May 31, 1916.

**1.—Local Option—Appeal Bond—Adjournment—Presumption.**

Where defendant had given an appeal bond on the same day the trial court adjourned, this court can not presume that his appeal bond was filed while the trial court was in session, and dismiss the appeal, in the absence of proof to the contrary, but must presume that the law was complied with.

**2.—Same—Evidence—Contradicting State's Witness.**

Where, upon trial of a violation of the local option law, there was a direct conflict in the testimony, and the State to strengthen its case was permitted to call the officer who testified that he found two empty whisky cases in appellant's house, and denied having stated to another witness that at the time he made the search he only found one whisky case, the defendant should have been permitted to prove by this witness that the officer had so stated to him, and the same was reversible error.

**3.—Same—Newly Discovered Evidence.**

Where defendant's motion for new trial supported by affidavit claiming newly discovered testimony, placed himself within the scope of the rules governing such testimony, he should have been granted a new trial.

Appeal from the District Court of Titus.  Tried below before the
Hon. J. A. Ward.

Appeal from a conviction of a violation of the local option law; pen-
alty, one year imprisonment in the penitentiary.

The opinion states the case.

*G. H. Crum* and *T. C. Hutchings,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—On ques-
tion of appeal bond:  Roberson v. State, 60 Texas Crim. Rep., 514.

HARPER, JUDGE.—Appellant was convicted of violating the local
option law, and sentenced to one year confinement in the State peni-
tentiary.

The record discloses that appellant's motion for a new trial was over-
ruled on the 19th day of February; he was sentenced on that day, and
court adjourned on that day.  It further appears that on the 19th day
of February (the day court adjourned) appellant entered into an appeal
bond.  The State asks us to presume that as the appeal bond was filed
on the same day the court adjourned for the term, that the appeal bond
was filed while the court was in session and dismiss the appeal.  We
do not think we are authorized to indulge such presumption.  Of course,
if in fact the appeal bond was given before the adjournment of court
for the term, the motion should be sustained, for the law requires a
recognizance to be entered into in open court while the court is in
session.  But the right to give an appeal bond arises at once upon the
adjournment of court for the term, and in the absence of proof that the
court was in session, we must presume the law was complied with in
filing an appeal bond.

In this case Nevils Milam swears positively that he purchased three
pints of whisky from appellant and paid him $2.25 for it.  No other
witness saw him buy it, but Paul Hamilton swears that he went with
Milam to appellant's house, and he saw appellant and Milam go in the
house, and after Milam came out he saw him with some whisky.

On the other hand appellant swears that Milam and Hamilton came
to his house and that Milam brought some whisky with him when he
came.  That he tried to sell him some whisky, but he had no money,
and they went to the home of Norman Goodwin and Milam sold Good-
win a pint of whisky on credit, and then sold him a pint on credit.
Norman Goodwin testifies that he purchased a pint of whisky from the
State's witness, and saw State's witness sell to appellant.  Thus it is
seen there is a direct conflict in the testimony, State's witness claiming
to have purchased whisky from appellant, and appellant and Goodwin
testifying that State's witness and not appellant was the person selling
whisky on that occasion.

To strengthen the State's case the State called Deputy Sheriff Ben
Reid, who testified that he found two empty whisky cases at appellant's
house,—one looking like a gallon had been shipped in it, the other one

holding twelve quarts or twenty-four pints. He denied having stated to Clay Russell that at the time he made the search that he found only one whisky case at appellant's house. The appellant desired to prove by Clay Russell that Mr. Reid had so stated to him. This the court refused to permit him to do. In this the court erred. Appellant had testified that there was only one case found at his house, and said that this had been brought there by his brother, who had ordered some whisky some time before. It is thus seen there was a direct conflict in the testimony, Mr. Reid testifying that he found two empty cases, one in which whisky of the character the State's witness had testified he had purchased would likely be shipped. Appellant testified there was only one empty case, the gallon case, and explained it being found there. He ought to have been permitted to prove, if he could, that Mr. Reid stated to Clay Russell a day or two after the search, "that he saw only one box or carton which he believed to have contained whisky in the defendant's house." This was admissible on the weight to be given Mr. Reid's testimony when he testified on this trial he found two.

Attached to the motion for a new trial is an affidavit claiming newly discovered testimony   J. J. Melton was summoned as a witness by the State. He told both appellant's counsel and the district attorney he knew nothing about appellant, Zeb Bryson, selling any whisky. He was excused and went home. After conviction Bill Blevins told appellant's counsel that J. J. Melton had gotten a shipment of whisky on the day of the alleged sale; that State's witness Nevils Milam was interested in the shipment and had gotten five bottles out of the shipment at the time he left Melton's house. Now Milam had admitted on the trial going from Melton's to appellant's house, when he said he bought the whisky from appellant, but when appellant and Goodwin both say they bought whisky from him. Melton swears he would testify that Milam did get four bottles of whisky in his shipment and carry it off with him the night Milam says he went to appellant's house and bought from appellant, and the night appellant and Goodwin say they bought whisky from Milam. Under the facts in this case we think this testimony very material on the issue of which one of the two made a sale of whisky that night.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*